UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSICA MCKENNA

        Plaintiff,                   **VERIFIED COMPLAINT**

                                                 1:23-cv-1546 (AMN/CFH)

    -against-

NASCENTIA HEALTH OPTIONS,
DENTAQUEST, LLC.
        Defendants.

---

Plaintiff, JESSICA MCKENNA, by her attorneys, the Legal Aid Society of Northeastern New York Inc,. Yoana Kostadinova, Esq., *of counsel*, complaining of Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the American with Disabilities Act (ADA); the Rehabilitation Act of 1973; the New York State Public Health Law ("NYSPHL"); the Health Insurance Portability and Accountability Act ("HIPAA"), The New York Social Services Law, Breach of Contract, and New York common law.

2. Plaintiff, Jessica McKenna seeks money damages, declaratory, equitable and injunctive relief, to redress the deprivation by Defendants of rights afforded to Plaintiff by the laws of the United States and the State of New York.

## JURISDICTION AND VENUE

3. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1331. Venue is proper in the United States District Court for the Northern District of New York pursuant to 28 U.S.C.A. § 112 and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Jessica McKenna, is a 37-year-old disabled individual, residing in Saratoga County, State of New York.

5. Defendant Nascentia Health Options ("Nascentia Health"), is a managed long term care ("MLTC") Medicaid plan, registered with principal place of business in Onondaga County, New York State.

6. Defendant Dentaquest, LLC ("Dentaquest") is a foreign corporation providing Medicaid funded dental plan services within the State of New York.

## STATEMENT OF FACTS

7. Ms. McKenna is a qualified disabled individual.

8. She has several physical impairments that substantially limit major life activities; prevent the exercise of a normal bodily function and are demonstrable by medically accepted diagnostic techniques.

9. Ms. McKenna's complex medical history includes the following impairments:

Surgical diabetic, cold autoinflammatory disease, severe exocrine pancreatic insufficiency, small fiber neuropathy, autonomic dysfunction, bile duct dilatation, chronic pancreatitis, colitis, colonic internia, fatty liver, Hypermobility syndrome, hypoglycemia, joint and limb edema, livedo reticularis, lymphadenopathy, lymphedema, malabsorption, mega colon, migraine, non-neuropathic heredofamilial amyloidosis, pelvic venous compression, poly arthritis. pots- postural orthostatic tachycardia syndrome recto anal inhibitory reflex, Raynaud's sy, dry mouth. Allergies to Ativan, Gluten, Stimulant laxatives, Zofran, morphine. See letter from Ms. McKenna's primary health care dental provider Dr. Planerova, dated July 14, 2021, attached herein as Exhibit A.

10. Since March 1, 2018 Ms. McKenna has been enrolled in a Medicaid funded Managed Long Term Care Plan ("MLTC plan"), administered by Defendant Nascentia Health Options.

11. As of January 1, 2023, Nascentia Health designated Dentaquest to provide Medicaid funded dental services for Ms. McKenna, as part of her MLTC plan.

12. Defendants Nascentia Health Options and Dentaquest are Medicaid funded health

13. plans subject to the provisions of the Americans with Disabilities Act, the

Rehabilitation Act of 1973, New York's Social Services and Public Health Laws, and the Health Insurance Portability and Accountability Act.

14. Ms. McKenna's enrollment in the Nascentia Health MLTC plan is subject to the terms of her enrollment agreement and the Nascentia Health Options Member Handbook, a copy of which is enclosed herein as Exhibit B.

15. The Nascentia Health Options Member Handbook on pages 26-27 enumerates the Member Rights and Responsibilities.

16. As a Nascentia Health Options Member Ms. McKenna has the following rights:

"Member Rights

You have the Right to receive medically necessary care.

You have the Right to timely access to care and services.

You have the Right to privacy about your medical record and when you get treatment.

You have the Right to get information on available treatment options and alternatives presented in a manner and language you understand.

You have the Right to get information in a language you understand; you can get oral translation services free of charge.

You have the Right to get information necessary to give informed consent before the start of treatment.

You have the Right to be treated with respect and dignity.

You have the Right to get a copy of your medical records and ask that the records be amended or corrected.

You have the Right to take part in decisions about your health care, including the right to refuse treatment.

You have the Right to be free from any form of restraint or seclusion used as a means of coercion, discipline, convenience or retaliation.

You have the Right to get care without regard to sex, race, health status, color, age, national origin, sexual orientation, marital status or religion.

4

You have the Right to be told where, when and how to get the services you need from your managed long term care plan, including how you can get covered benefits from out-of-network providers if they are not available in the plan network.

You have the Right to complain to the New York State Department of Health or your Local Department of Social Services.

You have the Right to use the New York State Fair Hearing System and/or a New York State External Appeal, where appropriate.

You have the Right to appoint someone to speak for you about your care and treatment.

You have the Right to seek assistance from the Participant Ombudsman program."

Exhibit B, p. 26-27.

17. The Nascentia Health Options Member Handbook does not specify that services can only be paid at a participating provider or Medicaid rate.

18. MLTC plans in New York State are subject to the The Medicaid Managed Care/Family Health Plus/HIV Special Needs Plan Model Contract ("Model Contract"). A copy of Sec. 21, pages 21-2 and 21-3 is enclosed herein as Exhibit C.[1]

19. Under the terms of the Model Contract which Nascentia Health Options and

---

[1] The complete Medicaid Managed Care/Family Health Plus/HIV Special Needs Plan Model Contract ("Model Contract") can be accessed online at:
https://www.health.ny.gov/health_care/managed_care/docs/medicaid_managed_care_fhp_hiv-snp_model_contract.pdf

Dentaquest as Medicaid Contractors are bound by, advises, in relevant part: if the Contractor "does not have a Participating Provider with appropriate training and experience to meet the particular health care needs of an Enrollee, the Contractor shall make a referral to an appropriate Non-Participating Provider, pursuant to a treatment plan approved by the Contractor in consultation with the Primary Care Provider, the Non-Participating Provider and the Enrollee or the Enrollee's designee. The Contractor shall pay for the cost of the services in the treatment plan provided by the Non-Participating Provider for as long as the Contractor is unable to provide the service through a Participating Provider." Exhibit C, Section 21, page 21-2; and NYSPHL Art. 44.

20. Due to her medical conditions in February 2020 Ms. McKenna underwent full mouth teeth extraction. *See* Exhibit A.

21. Complete dentures were fabricated for Ms. McKenna in July 2020. *Id.*

22. Thereafter, Ms. McKenna experienced allergic reactions to acrylic bases of dentures and did not tolerate to wear the denture. *Id.*

23. Since July 2021 Ms. McKenna's primary dental health care provider recommended that restoration of the function of dentition by fixed bridges supported by implants is medically necessary due to her declining health due to malnutrition. *See* Exhibit A.

24. Since July 2021 Ms. McKenna has sought coverage for the necessary dental services through Nascentia Health.

25. Since July 2021, Ms. McKenna inquired on numerous occasions with Defendant

Nascentia Health about participating providers able to perform the necessary dental services. Nascentia Health stated that they did not know what was necessary for approval of the dental procedures and that they were checking into it.

26. Since January 2023 Ms. McKenna inquired on numerous occasions with Defendant Dentaquest about participating providers able to perform the necessary dental services, but not offered any.

27. Because of this delay, Ms. McKenna's condition deteriorated, causing her upper jaw bone to resorb and her sinuses to drop which caused additional pain and suffering and necessitated sinus augmentation surgery, bone graft surgery and facial surgeries to restore her sinuses, jaw bone and gums. The additional surgeries have increased total treatment time from 4-5 months to approximately 18 months, and have increased the risk for complications.

28. In February 2022 Ms. McKenna's mother and caretaker Mrs. Theresa McKenna notified Nascentia Health of Ms. McKenna's new mailing address - ▮▮▮▮▮▮▮▮▮▮, Middle Grove, New York, 12850. A copy of the email is enclosed herein as Exhibit D.

29. Mrs. McKenna also asked Nascentia Health to discontinue using her old mailing address – P.O. Box 83, Middle Grove, New York, which she no longer maintained.

30. On June 12, 2023 Ms. McKenna's oral surgeon Dr. Sean Ference submitted an ADA Dental Claim form to Dentaquest, seeking coverage for procedure codes D7950 and D7951 for guided bone regeneration and sinus graph ridge augmentation, bilaterally. A copy of the submission is enclosed herein as Exhibit E.

31. On June 14, 2023 and again on August 9, 2023 Nascentia Health and Dentaquest repeatedly denied Dr. Ference's claims because he was not a participating in-network provider. A copy of the Initial Adverse Determination Denial Notice dated June 14, 2023 is enclosed herein as Exhibit F. A copy of the Final Adverse Determination Denial Notice dated August 9, 2023 is enclosed herein as Exhibit F.

32. Notably, Defendants sent the Initial Adverse Determination Denial Notice dated June 14, 2023 which contained her personal and medical information to Ms. McKenna's old address, a P.O. Box which now belonged to someone else. *See* Exhibit F.

33. On June 21, 2023 Defendants sent another Initial Adverse Determination Denial Notice, containing her personal and medical information, to Ms. McKenna's old address, a copy of which is enclosed herein as Exhibit G.

34. Neither the June 14, 2023, nor the August 9, 2023 notice by Defendants Nascentia Health and Dentaquest specify any participating provider qualified and available to serve Ms. McKenna's complex medical needs. Exhibit F.

35. A copy of Ms. McKenna's plan appeal of the Initial Adverse Determination, dated July 25, 2023, comprised of an appeal statement and exhibits, which supported that no participating in network providers were available to provide the necessary services for Ms. McKenna's complex medical needs. A copy of the appeal submission is enclosed herein as Exhibit H.

36. Thereafter, Ms. McKenna requested a fair hearing to contests the denial of necessary

dental services.

37. On September 25, 2023 a fair hearing on the matter was held.

38. By decision dated September 27, 2023, the Commissioner of the Office of Temporary and Disability Assistance, designee for the Department of Health, directed Defendant Dentaquest on behalf of Nascentia to authorize the services requested on June 12, 2023 to the out of network provider, because no in network provider was available. A copy of the fair hearing decision in FH# 8648464H is enclosed herein as Exhibit I.

39. As of the date of this complaint Ms. McKenna has not been notified that Defendants have paid in full Dr. Ference's office for these claims.

40. Ms. McKenna's complex medical needs constitute a medical emergency and cannot be served in a clinical setting. Copies of relevant medical notes by Ms. McKenna's primary care medical providers and her dental providers are enclosed herein as Exhibit J.

41. Ms. McKenna's complex medical needs necessitate full sedation for dental procedures. Exhibit J.

42. Throughout the process of trying to obtain necessary dental services, Ms. McKenna, personally, and through her mother and caretaker Theresa McKenna, repeatedly reached out to Defendants Nascentia and Dentaquest to locate participating oral surgery providers who could perform the necessary procedures.

43. Defendants Nascentia Health and Dentaquest provided Ms. McKenna with a list of

participating providers only once in September 2023, with their fair hearing submission for FH# 8648464H. A copy of the submission is enclosed herein as Exhibit K.

44. Defendant's list includes numerous general dentistry and pediatric entries and only two oral surgery offices – the office of Dr. Fox in Gloversville, New York and Hometown Health Centers in Schenectady, New York, a clinic. *Id.*

45. Ms. McKenna, through her mother and caretaker Theresa McKenna, telephoned the Office of Dr. Fox in Gloversville, New York on September 18, 2023 at 3:20p.m. Dr. Fox's office advised her that they do not accept her MLTC dental plan. A screenshot of the call log for Dr. Fox's call is enclosed herein as Exhibit L.

46. Ms. McKenna, personally and through her caretaker Theresa McKenna, telephoned and left messages for Hometown Health Centers on numerous occasions starting in April 2023 to inquire if the necessary dental procedures could be handled there.

47. On September 18 and September 20, 2023 the Hometown Health Centers office advised Ms. McKenna that they could not perform sinus and graft surgeries with sedation, and thus could not help her. A screenshot of the call log for the Hometown Health Centers calls is enclosed herein as Exhibit M.

48. Dentaquest's own website search engine accessed on several occasions shows only one oral surgery provider in Ms. McKenna's geographic area with experience in sedation services for members with complex medical conditions – the office of Dr. Fox in Gloversville, New York. See screenshots of provider search enclosed herein as Exhibit N. This is the same

provider who stated to Ms. McKenna on September 18, 2023 that they do not accept her dental plan provided by Defendants.

49. Dentaquest's dental plan for Medicaid funded Nascentia Health MLTC has only two provider options in Ms. McKenna's geographic area for oral surgeons, only one with sedation experience, and none of whom can perform the medically necessary procedures. See Exhibits K.

50. In comparison, Dentaquest's provider search for the same geographic area shows 588 providers available for members with employer plans, out of which 62 provide oral surgery services. See Exhibit N.

51. Additionally, Dentaquest's provider search for the same geographic area shows 122 providers available for Medicaid funded Nascentia Health Adult MLTC plan, but only 2 oral surgeon offices. Exhibits K and N.

52. Ms. McKenna is aggrieved by Defendants Nascentia Health and Dentaquest's failure to provide participating providers for her as a disabled member who needs oral surgery and who has complex medical conditions which require sedation.

53. The Defendants Nascentia Health and Dentaquest's continued failure to pay for out of network coverage has led to prolonged pain and suffering for Ms. McKenna, overall deterioration of her health due to malnutrition, the necessity for additional dental procedures, the inconvenience of complete lack of dentition, unaffordable financial expenditures, the need for legal proceedings and representation, and has caused Ms. McKenna emotional, physical and financial distress.

54. Additionally, on at least two occasions, in October and December 2023, Defendant Dentaquest on behalf of Defendant Nascentia Health refused to speak with Ms. McKenna's duly authorized representatives and demanded that Ms. McKenna be present for the calls. This caused Ms. McKenna considerable pain and suffering, because she experiences pain when speaking, and due to her considerable weakness and fatigue.

## AS AND FOR A FIRST CAUSE OF ACTION

## UNDER THE AMERICANS WITH DISABILITIES ACT

55. Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

56. Plaintiff is a qualified disabled individual as defined in the Americans With Disabilities Act.

57. Defendants Nascentia Health and Dentaquest are private entities as defined Subchapter III of the ADA, funded by public funds through Medicaid.

58. Defendants Nascentia Health and Dentaquest qualify as places of public accommodation within the meaning of the ADA.

59. Plaintiff Ms. McKenna was discriminated against on the basis of disability in the full and equal enjoyment of the services offered by Defendants in the provision of the MLTC plan, when they failed to provide participating providers or approve out of network coverage for medically necessary services.

60. Plaintiff was harmed and injured by reason of Defendants discriminatory acts, as set forth more fully above.

61. Plaintiff was harmed and injured by reason of Defendants discriminatory acts, as set forth more fully above.

## AS AND FOR A SECOND CAUSE OF ACTION
## UNDER THE NYS HUMAN RIGHTS LAW

62. Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

63. Plaintiff is a qualified disabled individual as defined in the New York State Human Rights Law.

64. Defendants are places of public accommodation as defined in the Human Rights Law.

65. Plaintiff Ms. McKenna was discriminated against on the basis of disability in the full and equal enjoyment of the services offered by Defendants in the provision of the MLTC plan, when they failed to provide participating providers or approve out of network coverage for medically necessary services.

66. Plaintiff was harmed and injured by reason of Defendants discriminatory acts, as set forth more fully above.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF CONTRACT

67. Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth

13

fully herein.

68. Plaintiff is an enrollee in Defendant Nascentia Health's MLTC plan, under which Defendant Dentaquest provides dental services. As a member she was entitled to the following member rights: to receive medically necessary care; to timely access to care and services; to privacy about her medical record; to get care without regard to sex, race, health status, color, age, national origin, sexual orientation, marital status or religion; to be told where, when and how to get the services she need from her managed long term care plan, including how she can get covered benefits from out-of-network providers if they are not available in the plan network; and to appoint someone to speak for her about her care and treatment.

69. Defendants Nascentia Health and Dentaquest breached their duty under the MLTC enrollment agreement, by failing to provide Plaintiff Ms. McKenna with timely necessary dental care, by violating her privacy by distributing her HIPAA protected information to third parties, by failing to provide her with copies of her medical records, by failing to provide her with any options for oral surgery and sedation care on the basis of her health status, by failing to inform her how to get such services, including out of network services, and by not allowing her representatives to speak on her behalf regarding her care.

70. Plaintiff was harmed and injured by reason of Defendants breach of contract as set forth more fully above.

## AS AND FOR A FOURTH CAUSE OF ACTION

## UNDER THE AFFORDABLE CARE ACT

71. Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth

fully herein.

72. Section 1557 of the Affordable Care Act, incorporating the The Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by health programs that receive federal funding. Rehabilitation Act §504, Affordable Care Act §1577.

73. Defendants Nascentia Health and Dentaquest are federally funded through Medicaid.

74. Defendants engaged in discrimination on the basis of disability towards Plaintiff and and others similarly situated, when they failed to provide participating oral surgeons and specialists for members with complex medical conditions that require sedation, and further by failing to approve out of network coverage for such individuals with disability.

75. Plaintiff was harmed and injured by reason of Defendants discriminatory acts, as set forth more fully above.

WHEREFORE, Plaintiff respectfully requests that this court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined at the trial of this matter but no less than the sum of $400,000.00;

2. Award disbursements and costs of this action;

3. Grant the Plaintiff injunctive and declaratory relief, including a declaratory judgment finding Defendants violated the rights of the Plaintiff and precluding Defendants from so acting against Plaintiff and others in the future;

4. Award Plaintiff attorneys fees and costs, and

5. Award such other and further relief as this court deems just and proper.

Dated: 12/10/2023                                                                  Respectfully submitted,

*s/ Yoana Kostadinova.*

Yoana Kostadinova, Esq., of counsel
Attorney Bar Membership Number: 704942
*Attorney for Plaintiff*
Legal Aid Society of Northeastern New York, Inc.
40 New Street
Saratoga Springs, NY 12866
Phone: (518)587-5188
Fax: (518) 587-0959
Email:ykostadinova@lasnny.org

## VERIFICATION

JESSICA MCKENNA, being duly sworn, deposes and says:

Deponent is the petitioner in this action; deponent has read the foregoing verified and complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters deponent believes them to be true.

Date: December 10, 2023

_____
Jessica McKenna

Sworn to before me
this 10 day of December 2023

_____
Notary Public

YOANA N KOSTADINOVA DEN...
Notary Public, State of New Y...
No. 02KO6423010
Qualified in Saratoga Count...
Commission Expires October 4, 2025