# EXHIBIT I

| | |
|---|---|
| STATE OF NEW YORK<br>DEPARTMENT OF HEALTH | REQUEST: August 16, 2023<br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>AGENCY: Saratoga<br>FH #: 8648464H |

In the Matter of the Appeal of

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

from a determination by the Saratoga County Department of Social Services

: DECISION
: AFTER
: FAIR
  HEARING
:
:

## JURISDICTION

Pursuant to Section 22 of the New York State Social Services Law (hereinafter Social Services Law) and Part 358 of Title 18 NYCRR, (hereinafter Regulations), a fair hearing was held on September 25, 2023, in Saratoga County, before an Administrative Law Judge. The following persons appeared at the hearing:

For the Appellant

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

For the Social Services Agency

Agency appearance waived by the Office of Administrative Hearings

## ISSUE

Was the determination of DentaQuest (On Behalf of Nascentia Health Options) to deny the request for authorization for medical services from an out-of-network provider, correct?

## FACT FINDING

An opportunity to be heard having been afforded to all interested parties and evidence having been taken and due deliberation having been had, it is hereby found that:

1. The Appellant, age 36, is authorized to receive Medical Assistance benefits through a Managed Care Organization operated by NascentiaHealth Options/DentaQuest.
2. On June 13, 2023, DentaQuest received a request on behalf of the Appellant for pre-authorization for facial surgery, upper left and upper right quadrants, and for sinus augmentation, upper right and upper left quadrants.

2

FH# 8648464H


3.      By Initial Adverse Determination Denial Notice dated June 14, 2023, DentaQuest denied the request stating that-

"Services are only covered by your Health Plan for network dentists. Our records do not show that your dentist is in our provider network You may contact us for a dentist that is in network in your area. We have also told your dentist."

4.      On July 25, 2023 the Appellant/provider appealed the June 14, 2023 determination.

5.      By Final Adverse Determination Denial Notice dated August 9, 2023, DentaQuest upheld its June 14, 2023 determination on the ground that the service can be provided by a participating provider.

6.      On August 16, 2023, the Appellant requested this fair hearing.

**<u>APPLICABLE LAW</u>**

Section 358-5.9 of the Regulations provide in part:

(a)      At a fair hearing concerning the adequacy of Medical Assistance, the Appellant must establish that the Agency's denial was not correct or that the Appellant is eligible for a greater amount of assistance or benefits.

The United State Department of Health and Human Services (Health Care Finance Administration) has granted the State of New York a waiver under Section 1115 of the Social Security Act to permit the operation of a demonstration waiver program for Managed Care Programs in which certain eligible Medicaid recipients are subject to mandatory enrollment. An "Operational Protocol" (Protocol) has been approved by the Health Care Finance Administration as required by the Terms and Conditions governing the demonstration waiver. Such Protocol details the day-to-day operations of the program.

Chapter Four of the Protocol describes the Medicaid services covered under the Managed Care Program. With regard to Family Health Plus ("FHP"), the Protocol states in part, that the FHP program

> . . . will provide a comprehensive prepaid benefit package consisting of primary, preventive, specialist and inpatient health care services. Unlike the Partnership Plan, there will be no partial capitation plans, fee-for-service wraparounds, stop-loss limits or extended benefits.

The United State Department of Health and Human Services (Health Care Finance Administration) has granted the State of New York a waiver under Section 1115 of the Social Security Act to permit the operation of a demonstration waiver program for Managed Care Programs in which certain eligible Medicaid recipients are subject to mandatory enrollment. An

FH# 8648464H

"Operational Protocol" (Protocol) has been approved by the Health Care Finance Administration as required by the Terms and Conditions governing the demonstration waiver.  Such Protocol details the day-to-day operations of the program.

 Chapter 26 of the Operational Protocol discusses MCO Provider Network requirements under the Partnership Plan; provides a description of the referral authorization policies, procedures, and requirements in effect, including policies relating to standing referrals to specialists; and also describes State monitoring activities specifically related to behavioral health services (general monitoring activities are discussed in Chapter 20, "Quality Assurance Monitoring Plan").

 This Chapter further provides that MCOs are required to include the full continuum of specialists and sub-specialists in their networks.  However, if for some reason a MCO cannot make needed specialty care available in-plan, the MCO must make an out-of-network referral to an appropriate provider.  The Chapter also describes policies when a provider leaves an MCO's network.

 The DOH determines the medical necessity and appropriateness of medical, dental and remedial care, services or supplies. The Office of Temporary and Disability Assistance, however, has administrative discretion with respect to the application of the rules, regulations and policies of the Medical Assistance program. 18 NYCRR 513(b)(1).

 Prior approval of medical, dental and remedial care, services or supplies will be granted provided this is medically necessary to prevent, diagnose, correct or cure a condition that  (1) causes acute suffering; (2) endangers life; (3) results in illness or infirmity (4) interferes with the capacity for normal activity; or (5) threatens to cause a significant handicap. 18 NYCRR 513(a).

 Payment will not be made for medically unnecessary care and services; care and services that do meet standards of professional practice; and when medical necessity is not evident from the recipient's medical record. Section II of the New York State Medicaid Program Information for All Providers General Policy.

 Section 365-a of the Social Services Law defines Medical Assistance as:

> [P]ayment of part or all of the cost of medically necessary medical, dental and remedial care, services and supplies, as authorized by this title or the regulations..., necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with such person's capacity for normal activity, or threaten some significant handicap and which are furnished an eligible person in accordance with this title and the regulations....

 The regulations provide that, necessary to prevent, diagnose, correct or cure a condition means that requested medical, dental and remedial care, services or supplies, would: meet the

FH# 8648464H

recipient's medical needs; reduce the recipient's physical or mental disability; restore the recipient to his or her best possible functional level; or improve the recipient's capacity for normal activity. Necessity to prevent, diagnose, correct or cure a condition must be determined in light of the recipient's specific circumstances and the recipient's functional capacity to use or make use of the requested care, services or supplies and appropriate alternatives.

Pursuant to regulations at 18 NYCRR 513.4, the obligations and responsibilities of the ordering practitioner and potential provider:

(a) The ordering practitioner and the potential provider of the requested care, services or supplies must assist the recipient in obtaining any information and documentation necessary and appropriate to support a request, and provide all such information, together with the request, to the Department of Health using the forms and procedures prescribed by the Department of Health.

(b) The ordering practitioner is responsible for verifying the recipient's eligibility for MA as of the date of the order and certifying the medical necessity of the requested medical, dental and remedial care, services or supplies. The potential provider is responsible for verifying the recipient's eligibility for MA as of the date of the request.

(c) The ordering practitioner and potential provider are responsible for assuring that, in their best professional judgment, the ordered and requested medical, dental and remedial care, services or supplies will meet the recipient's medical needs; reduce the recipient's physical or mental disability; restore the recipient to his or her best possible functional level; or improve the recipient's capacity for normal activity; and that they are necessary to prevent, diagnose, correct or cure a condition in light of the recipient's specific circumstances and the recipient's functional capacity to make use of the requested care, services or supplies.

(d) The ordering practitioner and potential provider are responsible for assuring that adequate and less expensive alternatives have been explored and, where appropriate and cost effective, are requested and that the medical, dental and remedial care, services or supplies to be provided conform to accepted professional standards.

(e) The ordering practitioner and potential provider must cooperate with the Department of Health in its evaluation of the request and take such actions as the Department of Health may reasonably request to assure proper and timely evaluation of the request.

5

FH# 8648464H

**DISCUSSION**

The record establishes that the Appellant, age 36, is authorized to receive Medical Assistance benefits through a Managed Care Organization operated by NascentiaHealth Options/DentaQuest.

The record establishes that on June 13, 2023, DentaQuest received a request on behalf of the Appellant for pre-authorization for facial surgery, upper left and upper right quadrants, and for sinus augmentation, upper right and upper left quadrants. The record establishes that by Initial Adverse Determination Denial Notice dated June 14, 2023, DentaQuest denied the Appellant's request stating that:-

"Services are only covered by your Health Plan for network dentists. Our records do not show that your dentist is in our provider network. You may contact us for a dentist that is in network in your area. We have also told your dentist."

The record establishes that on July 25, 2023 the Appellant/provider appealed the June 14, 2023 determination, and that by Final Adverse Determination Denial Notice dated August 9, 2023, DentaQuest upheld its June 14, 2023 determination on the ground that the service can be provided by a participating provider.

18 NYCRR 513(a), provides for prior approval for medical, dental and remedial care, services or supplies that are medically necessary to prevent, diagnose, correct or cure a condition that (1) causes acute suffering; (2) endangers life; (3) results in illness or infirmity (4) interferes with the capacity for normal activity; or (5) threatens to cause a significant handicap. 18 NYCRR 513(a).

Also, applicable guidelines require Managed Care Plans to include the full continuum of specialists and sub-specialists in their networks, that if for some reason a Plan cannot make needed specialty care available in-plan, the Plan must make an out-of-network referral to an appropriate provider.

DentaQuest submitted for the hearing the record of its determination.

The Appellant submitted for the hearing related documents, and clinical opinions from her treating practitioners, ███████████████████████, ██████████, ██████████, ██████████, ██████████████ all indicating the severity of the Appellant's condition and the nature of the service that Appellant needs.

One of the clinical opinions by ███████████████████████████████ states as follows:

"To Whom it May Concern:

FH# 8648464H

████████████ is a patient with complex medical history. Based on the physical health evaluation records as well as what was provided by UA Health dated 2/27/23, she suffers from conditions such as chronic pain, chronic anxiety and depression, POTS syndrome, Gastroparesis, PRSS1 and CFTR disorders and more. In addition, ████████ suffers from compromised oral health. Currently, she is edentulous, with bone loss and is need of dental implants as soon as possible. Considering the difficulty level of the surgical procedure in addition to the moderate to severe pain related to this dental surgery, the optimal support for ████████ is to be sedated for the dental treatment. Above all, considering ████████'s complex medical history and in order to optimize her safety and wellbeing, she requires advanced anesthesia methods such as intravenous anesthesia provided by a Specialist in Dental Anesthesiology".

With respect to the medical necessity requirement, the Appellant testified in detail that Appellant has health issues other than oral health, that Appellant is not getting adequate and proper nutrition which may further compromise her overall health, and that Appellant's is handicapped from engaging in normal activity like getting a job because of the severity of her oral health condition.  It is found that the Appellant's credible testimony coupled with the opinions of her treating practitioners establish medical necessity under the circumstances listed under 18 NYCRR 513(a).  Accordingly, the record establishes medical necessity for pre authorization.

Regarding the Plans' denial ground, at the hearing, the Appellant and her mother gave detailed testimony, and documentary evidence of their telephone calls to establish their efforts in finding an in network provider that can provide the specialized service that the Appellant requires.  It was submitted that Hometown Health Centers the only provider that DentaQuest had referred Appellant to, when contacted, had informed Appellant that it provides only primary and preventative care and that the practice did not have specialists on staff to meet the Appellant's service need including but not limited to prosthodontists and anesthesiologists, due to Appellants complex medical conditions,. Testimony was given that the dental practices that were additionally contacted, based upon information that was later obtained from DentaQuest, had stated that said practices accept Fidelis DentaQuest and not Nascentia/DentaQuest or that the practices engage in general or pediatric dentistry.  Testimony was further given that the Plan had failed to respond to the Appellant's numerous telephone calls for additional assistance for referrals to practices that can provide the specialized service that Appellant requires.

It is noted that in addition to the guidelines, the Plans' own Member Handbook states that the Plan will work with outside network providers to provide medically necessary services that are covered.  The Plan has failed to submit for review substantive and unassailable evidence that the service that the Appellant requires can be provided by a provider within its own network.  Also, the Appellant's testimony and submissions are unrebutted.

Based on the foregoing, the record establishes that the Appellant has met the required burden of proof.  The Plans' determination cannot therefore be sustained.

FH# 8648464H

**DECISION AND ORDER**

    The determination by DentaQuest (On Behalf of Nascentia Health Options) to deny the request for authorization of medical services from an out-of-network provider, is not correct and is reversed.

    1.    DentaQuest (On Behalf of Nascentia Options) is directed to authorize for the Appellant, the requested medical services from an out-of-network provider.

    Should DentaQuest need additional information from the Appellant in order to comply with the above directives, it is directed to notify the Appellant and his representatives promptly in writing as to what documentation is needed. If such information is requested, the Appellant must provide it to Independence Emblem promptly to facilitate such compliance.

    As required by 18 NYCRR 358-6.4, DentaQuest must comply immediately with the directives set forth above.

DATED:   Albany, New York
             09/27/2023

                                                NEW YORK STATE
                                                DEPARTMENT OF HEALTH

                                                By

                                                Commissioner's Designee



# Assistance Information

Important notice enclosed.  If you need help reading the notice, call 1-800-342-3334.

Aviso importante adjunto: si necesita ayuda para leer este aviso, marque el 1-800-342-3334.

গুরুত্বপূর্ণ নোটিস সংযুক্ত| আপনার যদি নোটিসটি পড়তে সাহায্যের প্রয়োজন হয়, তাহলে কল করুন 1-800-342-3334 নম্বরে|

إخطار هام مرفق. إذا احتجت إلى المساعدة في قراءة الإخطار يرجى الاتصال بالرقم 1-800-342-3334.

內附重要通告。如需幫助閱讀此通告，請撥打1-800-342-3334。

Un avis important est joint à ce document.  Si vous avez besoin d'aide pour la lecture de l'avis, appelez le 1-800-342-3334.

Avi enpòtan enkli.  Si w bezwen èd pou w li avi a, rele 1-800-342-3334.

중요한 공지사항이 포함되어 있습니다. 이 공지사항을 읽는데 도움이 필요하시면, 1-800-342-3334로 전화하세요.

Содержит важную информацию.  Если при чтении этого извещения у Вас возникнут трудности, позвоните по телефону 1-800-342-3334.

Kèm theo là thông báo quan trọng.  Nếu quý vị cần giúp đọc thông báo này, hãy gọi 1-800-342-3334.

בײַגעלייגט אַ וויכטיקע מעלדונג. אויב איר דאַרפט הילף בײַם לייענען די מעלדונג, קלינגט אָן 1-800-342-3334.

Avviso importante incluso.  Se ha bisogno di aiuto per leggere l'avviso, contatti il numero 1-800-342-3334.

Ważna informacja w załączeniu.  Jeśli potrzebujesz pomocy w przeczytaniu tej informacji, zadzwoń pod numer 1-800-342-3334.

اہم نوٹس منسلک ہے۔ اگر آپ کو نوٹس پڑھنے میں مدد چاہیے تو 1-800-342-3334 پر کال کریں۔

**www.otda.ny.gov**

XL206B (11/22)